# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| JACKIE LEE DILLARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-00799 |
| | ) | Judge Aleta A. Trauger |
| NANCY A. BERRYHILL | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM

On April 19, 2018, the Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. No. 17), recommending that the plaintiff's Motion for Judgment on the Pleadings and Administrative Record (Doc. No. 14) be denied and the Social Security Administration's ("SSA") denial of benefits be affirmed. The plaintiff, Jackie Lee Dillard, has filed timely Objections (Doc. No. 18), to which the SSA has responded (Doc. No. 19). For the reasons discussed herein, the court will overrule the Objections, accept the R&R, and dismiss this action.

## BACKGROUND[1]

On October 21, 2013, the plaintiff filed an application for disability insurance benefits ("DIB") due to diabetes and neuropathy. (Doc. No. 12 (hereinafter "AR") 60-61.) Her application was denied initially and on reconsideration. (AR 60, 76.) The plaintiff subsequently requested and received a hearing before an Administrative Law Judge ("ALJ"). (AR 34.) On March 1, 2016, the ALJ denied the plaintiff's application. (AR 18-20.) As the Magistrate Judge summarized, the ALJ's decision contained the following findings:

---

[1] The background is taken from the R&R, familiarity with which is presumed.

1. The claimant last met the insured status requirements of the Social Security Act on September 30, 2015.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of November 15, 2012 through her date last insured of September 30, 2015 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, the claimant had the following severe impairment: Diabetes type I (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant may frequently balance, stoop, kneel, crouch, and crawl. The claimant may not climb ladders, ropes, or scaffolds. There should be no concentrated exposure to vibrations. She may not work at unprotected heights or around unguarded moving machinery.

6. Through the date last insured, the claimant was capable of performing past relevant work as a nursery school attendant (DOT # 359.677-018, Light SVP4). This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).

7. The claimant was not under a disability, as defined in the Social Security Act, at any time from November 15, 2012, the alleged onset date, through September 30, 2015, the date last insured (20 CFR 404.1520(f)).

(AR 23-29.)

On March 1, 2017, the Appeals Council denied the plaintiff's request for a review of the

ALJ's decision.  (AR 1-3.)

On May 4, 2017, the plaintiff filed this action under 42 U.S.C. § 405(g) to obtain judicial

review of the Social Security Commissioner's denial of her application for DIB.  (Doc. No. 1.)  On

September 27, 2017, she filed a Motion for Judgment on the Pleadings and Administrative Record

(Doc. No. 14), which the SSA opposed (Doc. No. 15).

On April 19, 2018, the Magistrate Judge issued the R&R, which recommended that the plaintiff's motion be denied and the SSA's decision be affirmed. (Doc. No. 17.) The plaintiff filed timely objections (Doc. No. 18), and the SSA filed a response (Doc. No. 19).

## STANDARD OF REVIEW

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(1); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). Objections must be specific; a general objection to the R&R is not sufficient and may result in waiver of further review. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). In conducting its review of the objections, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In social security cases, the Commissioner determines whether a claimant is disabled within the meaning of the Social Security Act and, as such, entitled to benefits. 42 U.S.C. §§ 1383(c), 405(h). Review of an ALJ's decision, if any, is limited to whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016); *see* 42 U.S.C. § 405 (g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). The substantial evidence standard is met if a "reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). The substantial evidence standard also "'presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of*

*Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, if substantial evidence supports an ALJ's decision, the court defers to that finding, "'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Id.* (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

## ANALYSIS

### I.      The Plaintiff's Credibility

The plaintiff objects to the Magistrate Judge's finding that the ALJ properly discounted her credibility. In considering a claim for disability benefits, the ALJ is required to make a credibility determination with respect to the claimant's subjective complaints. *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). This determination must be clearly explained and supported by substantial evidence. *See Calvin v. Comm'r of Soc. Sec.*, 437 F. App'x 370, 371 (6th Cir. 2011); *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994). The Sixth Circuit has held that "[a]s long as the ALJ cited substantial, legitimate evidence to support his factual conclusions, we are not to second-guess," and reversal is not "warranted even if substantial evidence would support an opposite conclusion." *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012) (citation omitted). This is because the ALJ has "seen the claimant in the flesh" and has had the opportunity to observe her demeanor in person. *Gooch v. Sec'y of Health and Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987) (per curiam), *cert. denied*, 484 U.S. 1075 (1988). Absent a compelling reason, the court may not disturb an ALJ's credibility determination. *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

The ALJ found that the plaintiff's allegations regarding the intensity, persistence, and limiting effects of her symptoms were not entirely credible and provided the following reasons for his determination: (1) lack of support for her limitations in the medical records of healthcare

professionals and objective medical evidence; (2) the plaintiff's daily activities do not match her complaints of disabling symptoms and limitations; and (3) the plaintiff's routine and conservative treatment. (AR 26-28.)

The plaintiff argues that the ALJ erred because he failed to consider her inability to afford more aggressive treatment. The court disagrees. An ALJ may consider a claimant's ability to afford treatment when making his credibility determination. *See* SSR 96–7p, 1996 WL374186, at *8 (July 2, 1996). However, the record does not support the plaintiff's allegations that she was unable to afford medical treatment during the time period at issue: November 15, 2012 to September 30, 2015. The only citations to the record the plaintiff provides regarding her lack of insurance and financial hardship occurred outside the relevant time period. (*See, e.g.*, AR 215 (April 20, 2012); AR 223 (July 22, 2011); AR 224 (April 7, 2011)).[2] Rather, during the relevant time period, the plaintiff consistently identifies her insurance coverage. (*See* AR 239, 258-62, 267, 271, 273.) In addition, as the Magistrate Judge concluded, the court is unaware of evidence suggesting that the plaintiff was without insurance coverage in the relevant time period or that she failed to seek treatment during that timeframe because of financial hardship. (Doc. No. 17 at 7.) In fact, the plaintiff testified that she did not receive more aggressive treatment related to her nerve pain due to her treating physician's advice and made no reference to her inability to pay for treatment during her hearing. (AR 42-55.) Although the plaintiff argues in her objection that she was treating her conditions out of pocket and not through insurance as the Magistrate Judge

---

[2] As the Magistrate Judge pointed out, the plaintiff also cites to her brief in support of request for Appeals Council review to support her assertion that she could not afford treatment. (Doc. No. 14-1 at 6 (citing AR 202, 205).) However, her brief does not cite to evidence to support her allegations. (*See* AR 202, 205.)

indicates (Doc. No. 18 at 1), she again fails to point to evidence in the record to support this contention.

However, even if, assuming *arguendo*, the ALJ erred on the above issue, the ALJ provided additional reasons, unrelated to the plaintiff's treatment and supported by substantial and legitimate evidence, for finding the plaintiff not entirely credible. First, the ALJ found that the medical records of the plaintiff's treating and examining doctors and objective medical evidence did not support her alleged limitations. The ALJ noted that, despite the plaintiff's testimony that her diabetes had become uncontrollable and prevented her from working (AR 42-47), the medical evidence consistently noted that her diabetes was controlled and she was doing well. (AR 26, 213, 218-19, 276, 296, 312.) Specifically, the ALJ discussed treatment records from Endocrinology Diabetes Associates that indicated the plaintiff was doing well throughout the claimed disability period. (AR 26, 212-13, 218.) In addition, while the plaintiff alleged lifting, sitting, and walking limitations (AR 47-49), the ALJ discussed physical examinations showing that she maintained normal gait, heel to toe walking, fine and gross hand manipulation, and range of motion. (AR 25, 208.)

Second, the ALJ looked at evidence of the plaintiff's daily activities, which did not match her complaints of disabling symptoms and limitations. The plaintiff testified that she had difficulty doing anything with her right hand. (AR 49.) However, the ALJ noted that the plaintiff stated in her function report that she could dress, bathe, care for hair, shave, use the toilet without assistance, prepare daily meals, and perform housework. (AR 26, AR 158-165.) The record also reflects that the plaintiff retained the ability to exercise regularly, grocery shop with her husband, attend church, read, and watch television. (AR 27, 158-162, 185-88, 206, 213.) Thus, substantial evidence supports the ALJ's finding that the plaintiff's daily activities were inconsistent with her

allegations. *See Johnson v. Comm'r of Soc. Sec.*, 535 F. App'x 498, 506 (6th Cir. 2013) (finding

that the ALJ's determination that the plaintiff was not entirely credible was supported by

substantial evidence because, *inter alia*, the ALJ observed that the plaintiff's answers to his

disability questionnaire described greater functioning than his hearing testimony); *Temples v.*

*Comm'r of Soc. Sec.*, 515 F. App'x 460, 462 (6th Cir. 2013) ("Further, the ALJ did not give undue

consideration to [the plaintiff's] ability to perform day-to-day activities. Rather, the ALJ properly

considered this ability as one factor in determining whether [the plaintiff's] testimony was

credible."). Accordingly, in light of the foregoing, the court finds that the ALJ's credibility

determination was clearly explained and supported by substantial evidence. The court, therefore,

overrules the plaintiff's objection.[3]

## II. Vocational Expert Hypothetical

The plaintiff also objects to the Magistrate Judge's finding that the ALJ did not err at step

four. An ALJ can utilize a vocational expert ("VE") to determine whether a claimant, in light of

her RFC, can still perform past relevant work. *See* 20 C.F.R. § 404.1560(b)(2). "A vocational

expert's testimony concerning the availability of suitable work may constitute substantial evidence

where the testimony is elicited in response to a hypothetical question that accurately sets forth the

---

[3] The plaintiff's original motion also argued that the ALJ erred by omitting some of the plaintiff's statements that suggested a greater degree of limitation in her ability to perform daily activities and by failing to adequately connect the plaintiff's ability to perform daily activities to his adverse credibility finding. (Doc. No. 14-1 at 7-8.) The Magistrate Judge did not find these arguments persuasive. (Doc. No. 17 at 9-10.) The plaintiff does not specifically object to the Magistrate Judge's analysis on this issue. The court, therefore, does not address it. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of *those portions of the report* or specified proposed findings or recommendations to which objection is made." (emphasis added)); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

plaintiff's physical and mental impairments." *Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001).

However, the ALJ is only "required to incorporate . . . those limitations that he . . . accepted as

credible." *Masters v. Comm'r of Soc. Sec.*, 707 F. App'x 374, 380 (6th Cir. 2017) (quoting *Lester*

*v. Soc. Sec. Admin.*, 596 F. App'x 387, 389-90 (6th Cir. 2015)); *see also Winslow v. Comm'r of*

*Soc. Sec.*, 566 F. App'x 418, 421 (6th Cir. 2014) (per curiam) ("The record reflects, however, that

the hypothetical questions were proper because the ALJ incorporated all of the functional

limitations that she deemed credible.").

As the Magistrate Judge discussed, the VE hypothetical at issue here stated:

> [A] person of the [c]laimant's age, education, past work experience
> just described, and let's assume a light exertional level; with
> frequent balance, stoop, kneel, crouch, crawl, and ramps and stairs;
> but [] no climbing ladders, ropes, or scaffolding; no concentrated
> exposure to vibration; and let's say no working at unprotected
> heights or around unguarded moving machinery.

(AR 56.) In response, the VE testified that the plaintiff would be able to perform her past work as

a nursery school attendant with the outlined restrictions. (*Id.*) The ALJ relied on this testimony

in determining that the plaintiff could perform past relevant work. (AR 28.)

The plaintiff argues that the ALJ erred because her need to take frequent breaks and miss

more than two days of work per month was not included in the VE hypothetical the ALJ relied on

for his step four determination. The court is unaware of any evidence in the record, besides for

the plaintiff's own testimony,[4] stating that the plaintiff would need to take frequent breaks and

miss more than two days of work per month. As previously discussed, the ALJ discounted the

plaintiff's credibility and therefore did not incorporate her testimony on this issue in the VE

hypothetical. *See Walton v. Comm'r of Soc. Sec.*, 60 F. App'x 603, 611 (6th Cir. 2003) (holding

---

[4] The plaintiff testified that she would need to take breaks several times a week because
of exhaustion from her diabetes. (AR 44-45.)

that the ALJ "properly relied on the VE's response to a hypothetical question that was based on the limitations that were credited by the ALJ and supported by substantial evidence on the record").

The ALJ properly relied on the VE's response to his hypothetical that was based on the ALJ's credited limitations and supported by substantial evidence. In February 2014, consultative examiner Dr. Thomas Sweets opined that the plaintiff could lift 50 pounds frequently, sit for six to eight hours, stand for six to eight hours, and walk for six to eight hours. (AR 25, 28, 206-09.) State Agency Medical examiners Dr. Carolyn Parrish and Dr. James Upchurch opined that the plaintiff could perform medium unskilled work and the plaintiff's condition does not cause significant limitations in her ability to perform basic work activities. (AR 27, 63-66, 81-85.) Dr. Parrish also found that the plaintiff could frequently perform postural activities but should avoid concentrated exposure to vibration. (AR 84.) The ALJ found these limitations credible and incorporated them into the VE hypothetical. Thus, the ALJ did not err at step four.[5]

## CONCLUSION

For the foregoing reasons, the court will overrule the plaintiff's Objections (Doc. No. 18); accept and adopt the Magistrate Judge's R&R (Doc. No. 17); deny the plaintiff's Motion for Judgment on the Pleadings and Administrative Record (Doc. No. 14); and affirm the SSA's decision.

An appropriate order will enter.

ENTER this 18th day of July 2018.

ALETA A. TRAUGER
United States District Judge

---

[5] As the Magistrate Judge discusses, the plaintiff does not identify any evidence that she suffers from more severe limitations than those included in the RFC. Thus, even if the ALJ erred at step four, such error would be harmless.